UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61436-CIV-COHN/SELTZER

TARA PRODUCTIONS, INC., a Florida
corporation,

       Plaintiff,

v.

HOLLYWOOD GADGETS, INC., et al.,

       Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Defendant's Affirmative Defenses [DE 8]. The Court has considered the Motion, the record in this case, and is otherwise fully advised in the premises.

An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters. Royal Palm Sav. Ass'n v. Pine Trace Corp., 716 F. Supp. 1416, 1420 (M.D. Fla. 1989). Rule 12(f) provides that a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "'[a] motion to strike is a drastic remedy,' which is disfavored by the courts." Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Pub. Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir. 1962)). Accordingly, motions to strike are usually "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one

of the parties." Falzarano v. Retail Brand Alliance, Inc., No. 07-81069-CIV, 2008 WL 899257, at *1 (S.D. Fla. Mar. 31, 2008) (citations and internal quotations omitted). An affirmative defense may be stricken if it is insufficient as a matter of law. See Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." Id. (citations omitted).

Affirmative defenses are also subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); Holtzman v. B/E Aerospace, Inc., No.08-80748-CIV, 2008 WL 2225668, at * 2 (S.D. Fla. May 29, 2008) (lack of specificity of affirmative defenses is best dealt with under Rule 12(e)).

Defendant Juda Levin filed an Answer [DE 7] which contains eleven Affirmative Defenses. The full text of the Affirmative Defenses is set forth below:

1. No contract between other parties.

2. No consideration.

3. No meeting of the minds.

2

4. Juda Levin not individually liable.

5. Recission.

6. Novation.

7. Mutual mistake.

8. Unclean hands.

9. Laches.

10. Failure to state cause of action as to Juda Levin.

11. Defendant invokes Parole Evidence Rule.

Plaintiff moves to strike these Affirmative Defenses, or in the alternative, Plaintiff requests a more definite statement in connection with each defense.

The Court finds that the foregoing Affirmative Defenses do not provide Plaintiff with fair notice. Defendant Juda Levin is obligated by the Federal Rules of Civil Procedure to provide both the nature of the defense <u>and</u> the grounds upon which it rests. Defendant Levin may state such grounds in short and plain terms. However, as pled, Defendant Levin's Affirmative Defenses are vague and do not provide Plaintiff with sufficient information upon which to prepare a response. Accordingly, it hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Strike Defendant's Affirmative Defenses [DE 8] is **GRANTED without prejudice**.

2. Defendant Levin may reallege his Affirmative Defenses and provide more definite statements by no later than **December 28, 2009**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

3

Florida, this \_\_11th\_\_ day of December, 2009.

_____
JAMES I. COHN
United States District Judge

Copies to:

Counsel of record via CM/ECF

Juda Levin
341 11th Street
Lakewood, NJ 08701