UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61436-CIV-COHN/SELTZER

TARA PRODUCTIONS, INC., a Florida
corporation,

        Plaintiff,

v.

HOLLYWOOD GADGETS, INC., et al.,

        Defendants.
_____/

## ORDER DENYING DEFENDANT JUDA LEVIN'S MOTION TO STAY PROCEEDINGS AND MOTION TO DISMISS AND ADDRESSING RELATED MOTIONS

**THIS CAUSE** is before the Court on Defendant Juda Levin's Motion to Stay Proceedings [DE 37], Defendant Juda Levin's Motion to Dismiss [DE 39], Plaintiff's Motion to Strike Pleadings and Motion for Sanctions Against Juda Levin [DE 48],[1] and Defendant Juda Levin's Motion for Sanctions [DE 57]. The Court has considered the Motions, the parties' related submissions, the record in this case, and is otherwise advised in the premises.

In support of his Motion to Stay, Mr. Levin states that he suffered a severe stroke on March 23, 2009. DE 38 ¶ 3. As a result, Mr. Levin states that he was paralyzed on the left side of his body and his memory was impaired as well. Id. After engaging in physical therapy, Mr. Levin started to walk unaided on or about July 29, 2009. Based

---

[1] Plaintiff filed a substantially similar Motion to Strike Pleadings and Motion for Sanctions Against Juda Levin [DE 47]. The only difference appears to be that Docket Entry No. 48 attaches an additional exhibit. Accordingly, Plaintiff's Motion to Strike Pleadings and Motion for Sanctions Against Juda Levin [DE 47] will be denied as moot.

on the foregoing, Mr. Levin sought to stay "all proceedings involving [Levin] until about March of 2010." Id. ¶ 10. The Court has been dealing with a motion to dismiss filed by Mr. Levin's co-defendants and there have been no proceedings which required Mr. Levin. Accordingly, the Motion to Stay is now moot.

Mr. Levin's Motion to Dismiss argues that he entered into an agreement with Plaintiff "only as an officer of the defendant corporations." DE 40 ¶ 3.[2] Therefore, Mr. Levin argues that "[t]here was not any personal liability" attached to him personally. Id. ¶ 5. The Court has thoroughly addressed similar arguments in the Court's Order Granting in Part and Denying in Part Motion to Dismiss [DE 77], which addresses a motion to dismiss filed by Mr. Levin's co-defendants. In short, Plaintiff alleges that certain of the Defendant corporations were mere alter egos of Mr. Levin. The Court found these allegations sufficient to survive a motion to dismiss. Therefore, Defendant Levin's Motion to Dismiss will be denied.

Given the above rulings, Plaintiff's Motion to Strike Pleadings is moot. Plaintiff also asks this Court to sanction Mr. Levin. Plaintiff claims that Mr. Levin misrepresented his physical condition in his Motion to Stay. Plaintiff states that it retained a private investigation firm which took video of Mr. Levin which contradicts statements in the Motion to Stay that Mr. Levin made regarding his physical condition. In response, Mr. Levin filed his own Motion for Sanctions in which he claims that "[t]he

---

[2] Mr. Levin filed an Answer and Affirmative Defenses [DE 7] in this case prior to filing his Motion to Dismiss. Plaintiff correctly points out that pursuant to Federal Rule of Civil Procedure 12(b) a motion asserting failure to state a claim, such as Mr. Levin's Motion to Dismiss, "must be made before" the filing of an answer. Fed. R. Civ. P. 12(b). Nevertheless, because Mr. Levin is proceeding *pro se* at this time, the Court will address the merits of the Motion to Dismiss.

video displays another individual whom I know. He is 82 years old and does not look like me. This is not me." DE 57 ¶ 4. The Court will not, at this time, attempt to unravel this supposed case of mistaken identity.

Mr. Levin's Motions have been denied. In the Court's Order Granting in Part and Denying in Part Motion to Dismiss [DE 77], Plaintiff has been directed to file a Second Amended Complaint by April 26, 2010. Defendants Chaim "Mark" Bess and Chesed Direct Holdings Limited are required to respond to the Second Amended Complaint by May 7, 2010. Likewise, Defendant Levin will required to respond to the Second Amended Complaint by May 7, 2010. The Court expects this case to proceed in an orderly fashion and that the parties will conduct themselves in good faith. The Court will deny both Plaintiff's and Mr. Levin's Motions for Sanctions without prejudice. The parties may re-raise such arguments when it is necessary to appear before the Court on additional matters. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant Juda Levin's Motion to Stay Proceedings [DE 37] is **DENIED as moot**.

2. Defendant Juda Levin's Motion to Dismiss [DE 39] is **DENIED**. Defendant Levin shall respond to Plaintiff's Second Amended Complaint by **May 7, 2010**.

3. Plaintiff's Motion to Strike Pleadings and Motion for Sanctions Against Juda Levin [DE 47] is **DENIED as moot**.

4. Plaintiff's Motion to Strike Pleadings [DE 48] is **DENIED as moot**.

5.  Plaintiff's Motion for Sanctions Against Juda Levin [DE 48] is **DENIED without prejudice**.

6.  Defendant Juda Levin's Motion for Sanctions [DE 57] is **DENIED without prejudice**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of April, 2010.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF

Juda Levin
341 11th Street
Lakewood, NJ 08701