UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61436-CIV-COHN/SELTZER

TARA PRODUCTIONS, INC., a Florida
corporation,

       Plaintiff,

v.

HOLLYWOOD GADGETS, INC., et al.,

       Defendants.
_____/

## ORDER DENYING MOTION FOR SANCTIONS

**THIS CAUSE** is before the Court on the Defendants Chesed Direct Holdings Limited ("Chesed") and Chaim "Mark" Bess' Motion for Sanctions [DE 100] ("Motion"). The Court has considered the Motion, the parties' related submissions, the record in this case and is otherwise advised in the premises.

Plaintiff Tara Productions, Inc. ("Tara") filed a Complaint alleging that it produced a commercial concerning footpads for which Plaintiff did not receive adequate compensation, and Defendants were unjustly enriched as a result. Plaintiff alleged eleven claims, including breach of agreement implied in law, breach of agreement implied in fact, civil conspiracy, fraud, fraud in the inducement, alter ego, negligent misrepresentation and other equitable remedies.

Defendants Chesed and Bess moved to dismiss all of Plaintiff's claims. The Court granted the motion in part, but denied the motion with respect to five claims. Several weeks after Defendants Chesed and Bess filed the instant Motion, the parties

filed a Stipulated Notice of Voluntary Dismissal with Prejudice dismissing Plaintiff's claims against these two Defendants.

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988). Sanctions are appropriate under Rule 11 of the Federal Rules of Civil Procedure where a party demonstrates that an opposing party's claims have no "reasonable factual basis." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998).

> Rule 11 sanctions are warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose. Although sanctions are warranted when the claimant exhibits a "deliberate indifference to obvious facts," they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law.

Id. (citations omitted). "Rule 11 sanctions are designed to 'discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses.'" Donaldson v. Clark, 819 F.2d 1551, 1556 (11th Cir. 1987) (*en banc*) (quoting Pin v. Texaco, Inc., 793 F.2d 1448, 1455 (5th Cir. 1986)). Sanctions "may be imposed for the purpose of deterrence, compensation and punishment." Aetna Ins. Co. v. Meeker, 953 F.2d 1328, 1334 (11th Cir. 1992).

The Motion asserts that sanctions are warranted because "Plaintiff's claims are not supported by a reasonable factual basis . . . ." DE 100 at 5. Plaintiff's Response argues as follows:

2

> [B]oth Chesed and Bess were intricately involved in a venture selling Kinoki Footpads with Tara and the other defendants and third parties. Consistent with their established course of dealing, Tara has sworn that Bess and Chesed assured payment of Tara's royalties. The record bears no evidence to contradict this assertion, let alone dispute it.

DE 105 at 1. The Court concludes that Plaintiff's claims against Defendants Chesed and Bess, a number of which survived a motion to dismiss, were supported by a reasonable factual basis.

In addition, the Motion contends that Plaintiff relied on invoices and estimates from separate projects in "an attempt to deliberately mislead the Court to believe that Chesed and/or Bess paid Plaintiff for the production of the commercials that are the subject of this dispute." DE 100 at 5. According to the Motion, "Plaintiff knows that neither Bess nor Chesed ever paid or agreed to pay royalties in connection with their sale of the Kinoki Foot Pad." Id.

As Plaintiff correctly points out "[t]he argument of counsel is not evidence." DE 105 at 5. "This contention is squarely at odds with the only sworn position on the issue: the affidavit of a principal of Tara averring that Tara believed that Chesed and Bess were involved and responsible for payment of its royalties." Id. The Court agrees and finds that sanctions are not warranted for either the substance of Plaintiff's claims nor its conduct throughout this litigation. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants Chesed Direct Holdings Limited and Chaim "Mark" Bess' Motion for Sanctions [DE 100] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 25th day of August, 2010.

_____
JAMES I. COHN
United States District Judge

Copies to:

Counsel of record via CM/ECF