UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-61436-CIV-COHN/SELTZER

TARA PRODUCTIONS, INC., a Florida
corporation,

        Plaintiff,

v.

HOLLYWOOD GADGETS, INC., et al.,

        Defendants.
_____/

### ORDER DENYING MOTION FOR REHEARING ON MOTION FOR DEFAULT JUDGMENT AGAINST JUDA LEVIN OR TO VACATE DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Defendant Juda Levin's Motion for Rehearing on Motion for Default Judgment Against Juda Levin or to Vacate Default Judgment [DE 148] ("Motion"). The Court has considered the Motion along with Mr. Levin's Notice of Missing Second Page [DE 150], Plaintiff Tara Productions, Inc.'s Response [DE 153], and the record in this case, and is otherwise advised in the premises.[1]

### I. BACKGROUND

On September 10, 2009, Plaintiff Tara Productions, Inc. brought this action for a variety of claims arising out of an agreement to produce an infomercial. See DE 1. According to the agreement, in return for writing and producing the infomercial, Plaintiff was entitled to a royalty payment of 2% of the actual cash collections resulting from the sale of the product that was the subject of the infomercial. Plaintiff contends that it wrote and produced the infomercial, but that Defendants failed to compensate Plaintiff. See DE 80 ¶ 19.

---

[1] The Court notes that Mr. Levin had not filed a Reply, and the time for doing so has passed.

After the Court granted in part a Motion to Dismiss Plaintiff's First Amended Complaint, see DE 77, Plaintiff filed its Second Amended Complaint [DE 80] on April 26, 2010. The Second Amended Complaint alleges breach of quasi-contract (agreement implied in law) or otherwise unjust enrichment (Count I), breach of agreement implied in fact (Count II), civil conspiracy (Count III), and accounting (Count IV).

The Court ordered Mr. Levin to respond to the Second Amended Complaint no later than May 7, 2010, but Levin never responded. See DE 79 at 3; DE 113 ¶ 2. Mr. Levin was duly noticed for a deposition to take place on October 15, 2010, but he did not appear. See DE 113 ¶ 8. Similarly, he did not respond to written discovery requests. See id.

On October 15, 2010, Plaintiff filed its Motion for Default, Sanctions, and to Compel against Hollywood Gadgets and Levin. DE 113. Mr. Levin did not respond. Plaintiff then filed its Motion for Default Judgment or Summary Judgment against Hollywood Gadgets and Levin on October 22, 2010. DE 116. This time, Mr. Levin responded [DE 125] and Plaintiff replied [DE 137], but Mr. Levin's Response failed to address Plaintiff's request for default judgment. On November 23, 2010, Mr. Levin requested an extension of time to mediate this case [DE 128], and on December 3, 2010 the Court granted the extension [DE's 129, 133]. In the same Order, the Court directed Mr. Levin to show cause by no later than December 7, 2010 as to why Plaintiff's Motion for Default Judgment should not be granted for Mr. Levin's failure to respond to the Second Amended Complaint, DE 129 at 3 ¶ 3.a., why Plaintiff's Alternative Motion for Summary Judgment should not be granted for Mr. Levin's failure to comply with Local Rule 7.5 and failure to provide sufficient evidentiary support, id. at 4 ¶ 3.b., and why Plaintiff's Motion for Sanctions should not be granted for Mr. Levin's failure to respond to discovery and failure to appear for deposition, id. at 4 ¶ 3.c.

Meanwhile, though Plaintiff had submitted a Pretrial Stipulation [DE 131] on December 2, 2010, in accordance with the Court's Order [DE 112], Mr. Levin did not participate in the preparation of the Pretrial Stipulation as the Court's Order required. See DE 112 at 2 (setting "*Joint* Pretrial Stipulation" deadline). When Mr. Levin failed to respond to the Order to Show Cause and the parties did not settle at mediation, the scheduled Calendar Call went forward on December 9, 2010. Plaintiff's counsel appeared at Calendar Call, but Mr. Levin did not. Thereafter, on December 14, 2010, this Court entered an Order Granting Motion for Default Judgment Against Juda Levin and Hollywood Gadgets, Inc. ("Hollywood") [DE146] and a Final Default Judgment [DE 147] against Mr. Levin and Hollywood.

After his repeated failure to comply with this Court's orders and the Federal Rules of Civil Procedure as well as his failure to cooperate in good faith with Plaintiff, Mr. Levin now requests in the instant Motion that the Court vacate the Default Final Judgment [DE 147] entered against him or, in the alternative, grant a rehearing of Plaintiff's Motion for Default [DE 116] to determine the amount of liquidated damages.

## II. DISCUSSION[2]

Pursuant to Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable

---

[2] Mr. Levin purports to bring his Motion "pursuant to Federal Rules of Civil Procedure 59 and 60(b)(1) and (6)," DE 148 at 1, but he has only articulated an argument under Rule 60(b)(1): a request based on excusable neglect. Rule 59 is inapplicable, however, as the "proper, and . . . exclusive, method for attacking a default judgment in the district court is by way of a Rule 60(b) motion." Gulf Coast Fans, Inc. V. Midwest Elecs. Imps., Inc., 740 F.2d 1499, 1507 (11th Cir. 1984) (citing Rule 55(c)). Further, the Court finds no "other reason that justifies relief" under Rule 60(b)(6), and Mr. Levin has not provided any other reason. Therefore, this Order evaluates only the rule 60(b)(1) argument.

3

neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). Mr. Levin contends that the Court should vacate his Default Final Judgment based on excusable neglect. DE 148 at 4; see also Fed. R. Civ. P. 60(b)(1).

To establish excusable neglect under Rule 60(b)(1), a defaulting party must show that: "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003) (citing Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993)). Mr. Levin has not satisfied any prong of the test.

Turning to the first prong, Mr. Levin has asserted three defenses, none of which is meritorious. First, Mr. Levin argues that he did not sign the Production Agreement in his individual capacity, but rather in a corporate capacity. The Court thoroughly evaluated similar arguments in the Court's Order Granting in Part and Denying in Part Motion to Dismiss [DE 77], which addresses a motion to dismiss filed by Mr. Levin's co-defendants. In short, the Order addresses Plaintiff's theory that certain Defendant corporations were mere alter egos of Mr. Levin. See DE 77 at 23-24; see also DE 79 at 2. Even if Mr. Levin did sign only in a corporate capacity, he later expressly ratified the agreement in his individual capacity. Specifically, he licensed Plaintiff's infomercial to Chesed through the Chesed License Agreement, which he signed, "on behalf of himself as an individual." See DE 116-2. Second, Mr. Levin contends that Plaintiff breached its agreement with Hollywood Skin Concepts, Inc., but Mr. Levin fails to explain how Plaintiff breached the agreement. Rather, he merely references the Federal Trade commission complaint filed

4

against himself, and states generally, "To the extent that plaintiff failed to comply with its representations and obligations to create an infomercial that did not violate any laws or regulations, Plaintiff breached its agreement with Hollywood Skin Concepts, Inc." DE 148 at 5. However, the agreement itself included terms indemnifying Plaintiff for claims including "compliance with the rules, regulations and guidelines of the Federal Trade Commission . . . " DE 80-1 at 5 ¶ 5(a). Third, Mr. Levin argues that the Production Agreement is void and unenforceable because it contravenes public policy. DE 148 at 4-5. Again, Mr. Levin has not demonstrated that this defense is meritorious. Accordingly, as none of Mr. Levin's defenses is meritorious, Mr. Levin has not met the first prong of the test for excusable neglect under Rule 60(b)(1).

Regardless, Mr. Levin has also failed to demonstrate the second prong of the test, that granting his Motion would not prejudice Plaintiff. See In re Worldwide Web Sys., Inc., 328 F.3d at 1295. Mr. Levin merely makes the conclusory assertion that "Plaintiff will not be prejudiced by being required to prove its claims against Defendant, Juda Levin, and allowing Mr. Levin an opportunity to respond to Plaintiff's Second Amended Complaint [D.E. 80] where Mr. Levin had already filed an Answer [D.E. 7] to the initial Complaint [D.E. 1] and filed a Response in Opposition to the Motion for Default Judgment and Motion for Summary Judgment [D.E. 125] on November 15, 2010 which also denied the allegations of the Second Amended Complaint [D.E. 80]." Mot. at 5-6. Plaintiff has already expended significant resources prosecuting this case, however, and as described above, Mr. Levin has been afforded numerous opportunities to respond to the Second Amended Complaint. Further, Mr. Levin's response to the Motion for Summary Judgment was inadequate, and he did not respond to the Motion for Default Judgment. Requiring Plaintiff to continue litigating against a party who has consistently failed to defend himself will indeed prejudice

5

Plaintiff.

Turning to the last prong of the test, Mr. Levin also has not provided a good reason for failing to respond to the Second Amended Complaint. See In re Worldwide Web Sys., Inc., 328 F.3d at 1295. Instead, he requests that the Court construe his filings as an Answer to the Second Amended Complaint. As described above, the Court repeatedly asked Mr. Levin to file a proper response to the Second Amended Complaint, yet he failed to do so. Though the Court holds *pro se* parties "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court does not have "license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action," GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). All *pro se* litigants still must comply with the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida. Hawkins v. Hamlet, Ltd., No. 06-80754-CIV, 2007 WL 2155605, at *3 (S.D. Fla. July 24, 2007); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"); Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) (affirming district court decision to disregard *pro se* filings submitted nine days after court-imposed deadline, and explaining that where "a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant"). Accordingly, as Mr. Levin has failed to satisfy any of the prongs for the excusable neglect test under Rule 60(b), the Court will not vacate the final default judgment entered against him.

Finally, there is no need for a hearing to determine the amount of damages. The evidence demonstrates damages calculated by discovery from third parties, and Mr. Levin

6

has failed to controvert the record despite any unsupported claims regarding overlap and royalty payments. Therefore, the Court will not grant Mr. Levin's alternative request for an evidentiary hearing, as

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant Juda Levin's Motion for Rehearing on Motion for Default Judgment Against Juda Levin or to Vacate Default Judgment [DE 148] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 1st day of MARCH, 2011.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record via CM/ECF
Juda Levin, *pro se*