UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61436-CIV-COHN/SELTZER

TARA PRODUCTIONS, INC.,

　　Plaintiff,

vs.

HOLLYWOOD GADGETS, INC., et al.,

　　Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO STAY

THIS CAUSE is before the Court on the Motion for Protective Order and to Stay Deposition of Juda Levin Pending Outcome on Appeal (DE 176 and 177)[1] filed by Juda Levin *pro se* and the Court being sufficiently advised, it is hereby ORDERED that the Motion is DENIED for the reasons set forth below.

On December 14, 2010, the District Court granted Plaintiff Tara Productions, Inc.'s ("Tara Productions") Motion for Entry of Default Judgment (DE 146) and entered a Final Default Judgment against Defendants Juda Levin and Hollywood Gadgets, Inc., jointly and severally, in the amount of $436,813.19, plus interest and attorney's fees and costs (DE 147). On July 25, 2011, Defendant Levin filed a Notice of Appeal of those Orders (DE 171). It does not appear that Levin posted a supersedeas bond, nor does the record reflect that he intends to do so.

On July 7, 2011, Tara Productions served on Levin and Hollywood Gadgets, Inc.,

---

[1] The motion docketed as entry 177 is a duplicate of the motion docketed as entry 176; both, however, appear on the docket as pending motions.

a Notice of Taking Deposition *Duces Tecum* Via Telephone (DE 179-1); the deposition (in aid of execution) was to commence on August 1, 2011.[2] The Notice also required the deponents to produce 33 categories of documents on or before July 25, 2011. On July 29, 2011, Levin moved the Court for a protective order, requesting that the Court stay his deposition until his appeal has been decided. Levin argues that he would be prejudiced if he were to provide testimony as to his assets and the Eleventh Circuit were later to reverse the default judgment entered against him; he additionally argues that Tara Productions would not be prejudiced by a stay. Although Levin has specifically requested only that his deposition be stayed, it appears that he is actually seeking to stay execution of the judgment pending his appeal.

Tara Productions responds that should Levin wish to stay enforcement of the judgment, he can post a supersedeas bond in accordance with Federal Rule of Civil Procedure 62(d).[3] As the former Fifth Circuit has explained:

> The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal. A judgment debtor who wishes to appeal may use the bond to avoid the risk of satisfying the judgment only to find

---

[2] Because this Court would not have had sufficient time to rule on the motion before the scheduled deposition date, it ordered that Tara Productions was precluded from taking Levin's deposition until such time as the motion had been fully briefed and the Court had ruled on it. Order (DE 178).

[3] Rule 62(d) provides: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond. . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d). Local Rule 62.1(a) provides: "A supersedeas bond staying execution of a money judgment shall be in the amount of 110% of the judgment, to provide security for interest, costs and any award of damages for delay. Upon its own motion or upon application of a party the Court may direct otherwise." S.D. Fla. L.R. 62.1(a).

> that restitution is impossible after reversal on appeal. At the
> same time, the bond secures the prevailing party against any
> loss sustained as a result of being forced to forgo execution on
> a judgment during the course of an ineffectual appeal.

Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir. 1979).

In reply, Levin contends that although posting a supersedeas bond pursuant to Rule 62 is one method to stay of execution of a judgment, it is not the exclusive method. He argues that nothing in Rule 62 precludes a party from requesting a court to stay a matter (pending appeal) without posting a bond. Although Levin has failed to cite any authority to support his position, courts have ruled that under some circumstances they do possess the discretion to stay an action without the posting of a supersedeas bond. See, e.g., Miami Int'l Realty Co. v. Paynter, 807 F.2d 871, 873 (10th Cir. 1986) ("District courts . . . have inherent discretionary authority in setting supersedeas bonds"; noting that Rule 62(d)'s bond requirement "does not prohibit a court, in extraordinary circumstances, from permitting an alternate form of security for a stay pending appeal"); Fed. Pharm. Prescription Serv. v. Am. Pharm. Ass'n, 636 F.2d 755, 759 (D.C. Cir. 1980) (A Rule 62(d) "bond speaks only to stays granted as a matter of right; it does not speak to stays granted by the court in accordance with its discretion."); HCB Contractors v. Forest Elec. Corp., 168 F.R.D. 508, 512 (E.D. Pa. 1995) ("Posting a [Rule 62(d)] bond . . . is not the only method by which a judgment debtor can obtain a stay. The propriety of any security posted is a discretionary determination made by the court.") (internal quotation marks and citation omitted).

As one district court has noted:

> Rule 62(d) provides that a party may obtain a stay of a judgment by posting a supersedeas bond. . . . [But] the court possesses the power to waive the requirement of a supersedeas bond. That power, however, has been exercised only in extraordinary circumstances and only where alternative means of securing the judgment creditor's interest were available.
>
> * * *
>
> In no case . . . has a court approved security different from a full supersedeas bond without a specific showing of good cause by the party seeking the stay. It is the appellant's burden to demonstrate objectively that posting a full bond is impossible or impractical; likewise, it is the appellant's duty to propose a plan that will provide adequate (or as adequate as possible) security for the appellee.

Grand Entm't Group, Ltd. v. Star Media Sales, Inc., No. 86-5763, 1992 WL 114953, at *2 (E.D. Pa. May 18, 1992) (internal quotation marks and citation omitted).

The former Fifth Circuit has also spoken to the issue:

> If a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal, the court may then exercise a discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond. Contrariwise, if the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court similarly is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor.

Poplar Grove, 600 F.2d at 1191; see also Cunningham v. Ariel's Gas & Food, Corp., No. 06-21459-Civ, 2007 WL 3274451, at *1 (S.D. Fla. Nov. 5, 2007) (Cooke, J.) (noting that federal courts have recognized two instances where a bond may be unnecessary to stay the execution of a judgment – "where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money" and "where the requirement would

4

put the defendant's other creditors in undue jeopardy."); Avirgan v. Hull, 125 F.R.D. 185, 186 (S.D. Fla. 1989) (King, J.) (same).

Although the Court may possess the discretion to waive the bond requirement, it declines to do so here. Levin has failed to proffer any reason why a supersedeas bond should not be required to stay execution of the judgment and/or discovery in aid of execution thereof. Based on the foregoing, it is hereby ORDERED as follows:

1. Levin's Motion for Protective Order and to Stay Deposition of Juda Levin Pending Outcome on Appeal (DE 176 and 177) is DENIED.

2. On or before September 23, 2011, Juda Levin shall produce to Tara Productions all documents identified in the Notice of Taking Deposition *Duces Tecum* (DE 179-1) that are in his possession, custody, or control.[4]

3. Tara Productions shall be permitted to take Juda Levin's deposition in aid of execution on a date and time mutually convenient to the parties and counsel. Levin and Tara Productions shall forthwith confer and decide on a date certain for the deposition. The deposition, however, shall be completed on or before October 7, 2011. If the parties are unable to agree on a date for Levin's deposition before September 19, 2011, Tara Productions may unilaterally set the deposition date.

4. Tara Productions Demand for Sanctions (DE 179) is DENIED. Tara Productions seeks sanctions against Levin in the form of an award of attorney's fees incurred in responding to the instant Motion. Tara Productions argues that sanctions are

---

[4] The Eleventh Circuit has defined "control" as "the legal right to obtain the documents requested upon demand." Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984).

warranted because Levin "knew or should have known that Rule 62(d) provided the sole means for him to stay proceedings in aid of execution." Demand for Sanctions at 5 (DE 179). However, as the Court has discussed above, Rule 62(a) is not the exclusive method for obtaining a stay.

    DONE AND ORDERED in Fort Lauderdale, Florida, this 9th day of September 2011.

BARRY S. SELTZER<br>
United States Magistrate Judge

Copies to:

All counsel of record

Juda Levin
341 11th St.
Lakewood, NJ 08071