UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61436-CIV-COHN/SELTZER

TARA PRODUCTIONS, INC.,

    Plaintiff,

vs.

HOLLYWOOD GADGETS, INC., et al.,

    Defendants.

_____/

ORDER ON MOTION TO COMMENCE PROCEEDINGS SUPPLEMENTARY
AND TO IMPLEAD THIRD PARTIES

THIS CAUSE is before the Court on Judgment Creditor's Motion to Commence Proceedings and to Implead Third Parties (DE 200)[1] and the Court being sufficiently advised, it is hereby ORDERED that the Motion is GRANTED in part and DENIED in part for the reasons set forth below.

On December 14, 2010, the District Court entered a Final Default Judgment in favor of Plaintiff Tara Productions, Inc. (hereinafter, "Judgment Creditor") against Defendants Juda Levin and Hollywood Gadgets, Inc. (DE 147) in the amount of $438,813.91, plus $86,721.31 in accrued interest and future interest on unpaid royalties. The District Court additionally awarded $35,556 in attorney's fees and $4,725.50 in costs. In a deposition in aid of execution, Defendant Levin testified that he does not have sufficient assets to satisfy the judgment.

---

[1] It appears that Judgment Creditor served a copy of the instant Motion on Defendants Hollywood Gadgets, Inc. and Juda Levin. Defendants have not responded to the Motion, and the time for doing so has passed.

Judgment Creditor now moves the Court to commence Proceedings Supplementary (DE 147) pursuant to Federal Rule of Civil Procedure 69 and Fla. Stat. § 56.29.  It additonally requests that the Court implead Lakewood Cheder School (a New Jersey non-profit corporation) ("Lakewood") and Services for Children with Hidden Intelligence (a New Jersey non-profit corporation) ("SCHI") and require them to be examined concerning their relationship with Defendants and any (alleged) fraudulent transfers of property to them by Defendants.[2]  Additionally, Judgment Creditor requests an award of its attorney's fees and costs.  According to Judgment Creditor, Defendants transferred $2,894,100.52 to Lakewood from April 15, 2008, through June 9, 2008, and they transferred $582,017 to SCHI from October 14, 2008, through February 5, 2009.  Judgment Creditor alleges that these transfers were made by Defendants to delay, hinder and/or defraud it (Judgment Creditor).  See Fla. Stat. § 56.29(6); Fla. Stat. § 726.110(1) and (2).

Rule 69(a) provides that procedures in post-judgment proceedings supplementary "must accord with the procedure of the state where the court is located," to the extent not preempted by federal law.  See Fed. R. Civ. P. 69(a); Allied Indus. Int'l Inc. v. AGFA-Gavaert, Inc., 688 F. Supp. 1516, 1517 (S.D. Fla. 1988) (Atkins, J.). Proceedings supplementary are a procedural mechanism that provides a judgment creditor with means

---

[2] Although not specifically requested in the instant Motion, Judgment Creditor's proposed order suggests that this Court appoint a United States Magistrate Judge for the District of New Jersey to conduct a § 56.29 examination of the impleaded parties' corporate representatives. Although § 56.29 authorizes a court to require "the defendant in execution [i.e, the judgment debtor] to appear before it or a general or special master . . . concerning his property," it does not provide for such examination of an impleaded party." Fla. Stat. 56.29(2).  The Court, therefore, declines to appoint a Magistrate Judge to examine the impleaded parties.  The Court, however, will permit Judgment Credit to conduct discovery herein.

to investigate assets of the judgment debtor that might be used to satisfy a judgment and are governed by Fla. Stat. § 56.29. Office Building, LLC v. Castlerock Security, Inc., No. 10-61582-Civ, 2011 WL 1674963, at *2 (S.D. Fla. May 31, 2011) (Leonard, J.). Under § 56.29, a judgment creditor may implead third parties to expeditiously discover a judgment debtor's assets and subject them to "a speedy and direct proceeding in the same court in which the judgment was recovered." Id. (quoting ABM Fin. Servs., Inc. v. Express Consolidation, Inc., No. 07-60294, 2011 WL 915669, at *1 (S.D. Fla. Mar. 16, 2011) (Torres, M.J.) (quoting Regent Bank v. Woodcock, 636 So.2d 885, 886 (Fla. 4th DCA 1994)) (emphasis omitted)). The court may "order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt." Fla. Stat. § 56.29(5). A judgment creditor is not required to make a prima facie showing that the third party holds assets subject to a judgment prior to impleading that party. Bleidt v. Lobato, 664 So.2d 1074, 1075 (Fla. 5th DCA 1995).

"Impleading third parties in a proceeding supplementary to execution is necessary to acquire jurisdiction over them." ABM Fin. Servs., 2011 WL 915669, at *2. "Such impleading does not in itself establish liability on the part of the impleaded third parties. Rather, it gives them an opportunity to raise their defenses and protect their interests consistent with the requirements of due process." Id.; see also Ortiz v. Santuli Corp., No. 08-20218-CIV, 2010 WL 2926517, at *1 (S.D. Fla. July 23, 2010) (Simonton, M.J.) ("Impleading those persons whose interests may be affected by the Court's rulings is necessary both to acquire jurisdiction over them and to afford due process.") (quoting Mission Bay Campland, Inc. v. Summer Fin. Corp., 71 F.R.D. 432, 434 (M.D. Fla. 1976)).

3

Once impleaded, the third-party "must appear before the Court and show cause why the contested property should not be applied toward satisfaction of the judgment creditor's judgment."  Castlerock Security, 2011 WL 1674963, at *3.

To commence proceedings supplementary under § 56.29, the judgment creditor must file an affidavit, in which the affiant "must attest that he or she holds an unsatisfied judgment . . . , identify the issuing court and case number, state the unsatisfied amount of the judgment, and confirm that the execution is valid and outstanding."  B & I Contractors, Inc. v. Mel Re Constr. Mgmt., 66 So.3d 1035, 1037 (Fla. 2d DCA 2011).  By filing such an affidavit, the judgment creditor "is entitled to these proceedings supplementary to execution." Id. (quoting § 56.29(1)).

Here, Judgment Creditor (through his attorney Joshua B. Spector, Esq.) has established that "the Florida Secretary of State holds a docketed Judgment dated December 14, 2010, in favor of judgment-creditor and against judgment-debtors Juda Levin ("Levin") and Hollywood Gadgets, Inc. ("Gadgets") in the amount of $479,105.41, plus post-judgment interest of 0.29% per annum, which remains valid and outstanding."  See Joshua B. Spector Aff. ¶ 3 (DE 201-1).  Judgment Creditor has also identified the court issuing the judgment and the parties to be impleaded.  No other showing is necessary to institute proceedings supplementary and to implead third parties.  Ortiz, 2010 WL 2926517, at *2.  Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1. Judgment Creditor's Motion to Commence Proceedings and to Implead Third Parties (DE 200) is GRANTED.  Proceedings supplementary are hereby commenced in this action pursuant to Federal Rule of Civil Procedure 69 and Fla. Stat. § 56.29;

2. Lakewood Cheder School and Services for Children with Hidden Intelligence are impleaded into this action;

3. Judgment Creditor shall serve on each impleaded party a copy of its Motion to Commence Proceedings and to Implead Third Parties (DE 200) with attached Affidavit (DE 201-1), and a copy of this Order, in accordance with Federal Rule of Civil Procedure  When service has been made, Judgment Creditor shall file in the record an affidavit of service;

4. Within twenty-one (21) days after being served, each impleaded party shall file and serve on all parties a responsive pleading setting forth its defenses;

5. Judgment Creditor shall be permitted to conduct discovery, including written discovery and depositions, concerning any transfers of property to an impleaded party by Defendants;

6. Within ten (10) days after the impleaded defendants have been served, Judgment Creditor shall file a status report, informing the Court how much time it needs for discovery and providing an estimated time that this matter will be ready for an evidentiary hearing at which the impleaded parties will have an opportunity to show cause why the transferred assets should not be applied toward satisfaction of the judgment herein; and

7. Plaintiff's request for attorney's fees and costs is DENIED without prejudice to raise at a later time, if appropriate.

DONE AND ORDERED in Fort Lauderdale, Florida, this 19th day of April 2012.

BARRY S. SELTZER
United States Magistrate Judge

5

Copies to:

All counsel of record

Hollywood Gadgets
Juda Levin
341 11th Street
Lakewood, NJ  08701