UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61436-CIV-COHN/SELTZER

TARA PRODUCTIONS, INC.,

    Plaintiff,

vs.

HOLLYWOOD GADGETS, INC., et al.,

    Defendants.

_____/

<u>ORDER ON MOTION FOR DEFAULT AGAINST LAKEWOOD CHEDER SCHOOL</u>

THIS CAUSE is before the Court on the Judgment Creditor's Motion for Default Against Impleader Defendants, Alternatively, Motion to Show Cause, for Expedited Briefing[1] (DE 222) and was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida.

In the underlying law suit, the District Court entered a Final Default Judgment in favor of Plaintiff Tara Productions, Inc. (hereinafter, "the Judgment Creditor") against Defendants Juda Levin and Hollywood Gadgets, Inc. (hereinafter, "the Judgment Debtors") (DE 147) in the amount of $438,813.91, plus $86,721.31 in accrued interest and future interest on unpaid royalties. The District Court additionally awarded $35,556.00 in attorney's fees and $4,725.50 in costs. In a deposition in aid of execution, Levin testified

---

[1] The Judgment Creditor requested expedited briefing on the instant Motion because a hearing date set by the Court was approaching. The Court, however, cancelled that hearing and has not yet reset it. The parties have now fully briefed the instant motion. Accordingly, the Motion for Expedited Briefing is DENIED as moot.

that he does not have sufficient assets to satisfy the judgment.

The Judgment Creditor thereafter commenced proceedings supplementary pursuant to Federal Rule of Civil Procedure 69[2] and Florida Statute § 56.29 and impleaded as defendants two non-profit corporations located in New Jersey – Lakewood Cheder School ("Lakewood") and Services for Children with Hidden Intelligence ("SCHI").[3]  See Order Granting Judgment Creditor's Motion to Commence Proceedings Supplementary and to Implead Third Parties (DE 205).

Proceedings supplementary are procedural mechanisms that provide a judgment creditor with means to investigate assets of the judgment debtor that might be used to satisfy a judgment.  Under Florida Statute § 56.29, a judgment creditor may implead third parties to expeditiously discover a judgment debtor's assets and subject them to "a speedy and direct proceeding in the same court in which the judgment was recovered."[4]  Office Bldg., LLC v. Castlerock Sec., Inc., No. 10-61582-Civ, 2011 WL 1674963, at *2 (S.D. Fla. May 31, 2011) (Leonard, J.) (quoting ABM Fin. Servs., Inc. v. Express Consolidation, Inc.,

---

[2] Rule 69(a) provides that procedures in post-judgment proceedings supplementary "must accord with the procedure of the state where the court is located," to the extent not preempted by federal law.  See Fed. R. Civ. P. 69(a); Allied Indus. Int'l Inc. v. AGFA-Gavaert, Inc., 688 F. Supp. 1516, 1517 (S.D. Fla. 1988) (Atkins, J.).

[3] SCHI appeared herein by filing a Motion to Dismiss for Lack of Personal Jurisdiction (DE 217).  After the discovery period for jurisdictional discovery had expired, the Judgment Creditor voluntarily dismissed Impleaded Party SCHI (DE 244).  The instant Motion is directed to both Lakewood and SCHI.  Because SCHI is no longer a party herein, the Court will address the Motion as it relates to Lakewood only.

[4] Impleading third parties in proceedings supplementary does not in itself establish liability on the part of the impleaded third parties; rather, it gives them an opportunity to raise their defenses and protect their interests consistent with the requirements of due process.  ABM Fin. Servs., Inc. v. Express Consolidation, Inc., No. 07-60294, 2011 WL 915669, at *2 (S.D. Fla. Mar. 16, 2011) (Torres, M.J.).

No. 07-60294, 2011 WL 915669, at *1 (S.D. Fla. Mar. 16, 2011) (Torres, M.J.) (quoting Regent Bank v. Woodcock, 636 So.2d 885, 886 (Fla. 4th DCA 1994)) (emphasis omitted)). The court may "order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt." Fla. Stat. § 56.29(5).

In these proceedings supplementary, the Judgment Creditor alleges that the Judgment Debtors, Juda Levine and Hollywood Gadgets, fraudulently transferred $2,894,100.52 to Lakewood. See Fla. Stat. § 56.29(6); Fla. Stat. § 726.110(1) and (2) (relating to fraudulent transfers). More specifically, the Judgment Creditor alleges that the Judgment Debtors, with the intent to "defraud, hinder, and delay" the Judgment Creditor, made the following fraudulent transfers to Lakewood: $394,100.52 on April 15, 2008; $1,000,000 on May 15, 2008; and $1,500,000 on June 9, 2008. The Judgment Creditor seeks to have this Court void those transfers and order that the transferred assets be used to satisfy the judgment entered against the Judgment Debtors.

Once impleaded, the third-party "must appear before the Court and show cause why the contested property should not be applied toward satisfaction of the judgment creditor's judgment." Castlerock Sec., 2011 WL 1674963, at *3. In the Order commencing proceedings supplementary, this Court directed the impleaded parties to file "a responsive pleading setting forth its defenses" within 21 days of being served with a copy of the Judgment Creditor's Motion to Commence Proceedings and to Implead Third Parties (with attached affidavit) and a copy of the Court's Order granting the Judgment Creditor's Motion. See Order on Motion to Commence Proceedings Supplementary and to Implead Third Parties at 5, ¶ 4 (DE 205).

3

The Judgment Creditor filed an Affidavit of Service reflecting that on May 25, 2012, it personally served "Shimon Zeldes" with the specified documents at the address of Lakewood Cheder School[5] (DE 206-1).  Lakewood has never responded to the Court's Order or otherwise entered an appearance herein.

Pursuant to Federal Rule of Civil Procedure 55(a), the Judgment Creditor moves the Court to enter a default because Lakewood has failed to defend; it has not filed a response as directed by the Court or otherwise entered an appearance.  Yet, the Judgment Creditor has failed to cite, and the Court's own research has not found, any authority for the proposition that a Rule 55 default (or default judgment) against an impleaded party is appropriate in proceedings supplementary.[6]  In the absence of any such authority, the Court declines to enter a default against Lakewood pursuant to Rule 55.  Cf. Mystique, Inc. v. 138 Int'l, Inc., No. 07-22937 and No. 10-21421, 2010 WL 30089, at *4 (S.D. Fla. July 28, 2010) (Torres, M.J.) (finding that filing of counter-claim not permitted in proceedings supplementary as neither Fla. Stat. § 56.29 nor interpretive case law authorizes it).

In addition, this Court is concerned that it has not sufficiently advised Lakewood of its opportunity to present its defenses (in writing) to the Judgment Creditor's allegations against it (before an evidentiary hearing is held) nor sufficiently advised it of the very

---

[5] The Affidavit of Service reflects that the documents were served on Shimon Zeldes at Lakewood Cheder School, 1210 Clifton Avenue, Lakewood, N.J. 08701.

[6] One court in this District has entered a default judgment against two impleaded parties in proceedings supplementary, but not under Rule 55.  Rather, the court entered a default judgment as a contempt sanction for the impleaded parties' failure to respond to discovery requests and give deposition testimony after being ordered to do so at least three times, and only after lesser sanctions (daily monetary fines) had been imposed.  See Mystique, Inc. v. 138 Int'l, Inc., No. 21421-Civ-Altonaga, Final Default Judgment (DE 219) (S.D. Fla. Feb. 11, 2014).

significant consequences to Lakewood of a finding that the Judgment Debtor fraudulently transferred assets. The Court's one-sentence instruction to Lakewood that it was to "file and serve on all parties a responsive pleading setting forth its defenses" was embedded in a five-page order entitled "Order on Motion to Commence Proceedings Supplementary and to Implead Third Parties." That Order largely addressed the requirements for instituting proceedings supplementary and whether the Judgment Creditor here met those requirements. See Order at 5, (numbered) ¶ 4 (DE 205).

Florida Statute § 56.29 is silent as to the notice to be given to an impleaded party in proceedings supplementary and "the case law is [not] clear regarding the method in which [an impleaded party] should be provided notice of [the Judgment Creditor's] claims." Gaggio v. Lake Austin Properties I, Ltd., No. 6:10-cv-1942-Orl-22KRS, 2011 WL 6987077, at *5 (M.D. Fla. Dec. 21, 2011), report and recommendation adopted, 2012 WL 84812 (M.D. Fla. Jan. 11, 2012). As the Gaggio Court noted, "[s]ome courts have proceeded by an order to show cause, but in those cases the impleaded defendant had already appeared before the Court through counsel. Other courts have required [the Judgment Creditor] to file and formally serve the motion requesting impleader and the Court's order on that motion for an impleader complaint." Id. at *6 (citations omitted) (after proof of service of order on motion to commence proceedings supplementary, as well as the underlying motion, were filed the court required the Judgment Creditor to file a motion for issuance of an order to show cause why the impleaded defendant should not be required to tender funds it holds on behalf of the Judgment Debtor to satisfy the outstanding judgment). And after proceedings supplementary had been commenced, one court in this District required the Judgment Creditor to first file a brief setting forth its prima facie case for fraudulent

5

transfer and then requiring the impleaded defendants to respond as to why their assets should not be declared fraudulently acquired (and permitting a reply thereto). See Parrot, Inc. v. NiceStuff Distrib. Int'l, Inc., No. 06-61231-Civ-Dimitrouleas, Order Setting Briefing Schedule and Evidentiary Hearing (DE 88) (S.D. Fla. Oct. 23, 2008) (Rosenbaum, M.J.). Accordingly, to ensure that due process is satisfied, the Court will separately enter an order to show cause and afford Lakewood another opportunity to respond to the allegations that the Judgment Debtor fraudulently transferred assets to Lakewood (which assets may be used to satisfy the judgment against the Judgment Debtor).

The Judgment Creditor additionally moves the Court to enter a default against Lakewood as a discovery sanction. As an alternative sanction to a default (and subsequent default judgment), the Judgment Creditor moves the Court to direct that "the designated facts in [the] subpoena[] be taken as established and prohibiting [Lakewood] from opposing claims or introducing the designated matters in evidence."[7] Motion at 4 (DE 222). The Judgment Creditor seeks such sanctions under Federal Rule of Civil Procedure 37(d)(1)(A)(ii). That Rule authorizes a court to impose sanctions where "a party, after being properly served with . . . a request for inspection under Rule 34,[8] fails to serve its

---

[7] Although the Judgment Creditor describes these alternatives as "lesser sanctions," the Court believes that they would be tantamount to a default judgment.

[8] Rule 37(d)(1)(A)(ii) uses the term "request for inspection" rather than "request for production," due to the wording of Rule 34(a)(1). That Rule provides that "a party may serve on any other party a request "to produce and permit the requesting party . . . to inspect" documents or electronically stored information and tangible things. Fed. R. Civ. P. 34(a)(1)(A) and (B) (emphasis added).

answers, objections or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii) (emphasis added).[9] Here, however, the Judgment Creditor did not serve a Rule 34 request for production on Lakewood, which has been a party hereto since the commencement of these proceedings supplementary. Rather, the Judgment Creditor chose to serve a subpoena *duces tecum,* pursuant to Federal Rule of Civil Procedure 45.

Rule 45 is the method to obtain documents (and testimony) from a non-party. The Eleventh Circuit has not expressly addressed whether a Rule 45 subpoena may be properly served on a party. Other courts, however, are divided on the issue. See Mezu v. Morgan State Univ., No. WMN-09-2855, 2010 WL 4183680, at *14 (D. Md. Oct. 22, 2010) ( stating that "courts are divided as to whether Rule 45 subpoenas should be served on parties"); Peyton v. Burdick, No. 07-cv-0453 LJO TAG, 2008 WL 880573, at *1 (E.D. Cal. Mar. 31, 2008) ("Courts are split on whether a FRCP 45 subpoena is a proper device to obtain documents from a party."); Mortgage Info. Servs., Inc. v. Kitchens, 210 F.R.D. 562, (W.D.N.C. 1002) (noting courts and commentators are divided on the issue whether a subpoena may be served on a party; citing case on both sides of the issue). "The majority of courts, however, allow Rule 45 subpoenas to be served on parties as well as non-parties." Neel v. Mid-Atlantic of Fairfield, LLC, No. SAG-10-cv-405, 2012 WL 98558, at *1 (D. Md. Jan. 11, 2012) (collecting cases).

---

[9] The type of sanctions that may be imposed "may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(d)(3). Rule 37(b)(2)(A)(i)-(vi) authorizes the types of sanctions the Judgment Creditor now seeks – directing that the designated facts be taken as established as the moving party claims, prohibiting the disobedient party from opposing claims or defenses or from introducing evidence, and entering a default judgment.

But even if service of a subpoena on a party were permissible, a subpoena may not used to circumvent or do an "end-run" around the discovery rules that apply to a party. See, Agsouth Genetics, LLC v. Georgia Farm Servs., LLC, No. 1:09-CV-186 (WLS), 2013 WL 5603231, at *1 (M.D. Ga. Oct. 11, 2013) ("A subpoena duces tecum should not be used to circumvent the ordinary strictures of discovery. Instead, a subpoena duces tecum issued to a party should be treated as a discovery device and all rules of discovery should likewise apply thereto.") (citation omitted); Neel, 2012 WL 98558, at *1 ("To allow a party to use Rule 45 to circumvent the requirements of a court-mandated discovery deadline would clearly be contrary to the traditional interpretation of the Federal Rules of Civil Procedure, which dictates that the rules must be construed in a manner that is internally consistent. Put another way, it is unthinkable that the effect of Rule 34 can be emasculated by the use of Rule 45.") (quotation marks and citations omitted); Homes & Land Affiliates, LLC v. Homes & Loans Magazine, LLC, No. 6:07-cv-1051-Orl-28DBA, 2008 WL 4186989, at *2 (M.D. Fla. Sept. 8, 2008) ("Rule 45 subpoenas [directed to a party] are not to be used as an 'end-run' around the regular discovery rules that apply to parties, *i.e.,* notices of depositions in Rule 30, or for the production of documents in Rule 34."); Peyton, 2008 WL 880573, at *1 ("A majority of courts hold that the use of a FRCP subpoena constitutes discovery, thus a party employing a FRCP 45 subpoena to obtain discovery from a party to an action must also comply with the time constraints and other requirements applicable to other methods of formal discovery"). Here, by seeking the production of documents from Lakewood through a subpoena *duces tecum,* rather than through a Rule 34 request for production, the Judgment Creditor has done precisely what the courts prohibit.

More specifically, the Judgment Creditor served the subpoena *duces tecum* to circumvent the requirement of Rule 34 that a party be afforded 30 days to respond to a request for production. See Fed. R. Civ. P. 34(a)(b)(2) (A) ("The party to whom the request [for production] is directed must respond in writing within 30 days after being served."). The Judgment Creditor commenced proceedings supplementary and impleaded Lakewood as a party in this action on April 19, 2012. See Order Granting Judgment Creditor's Motion to Commence Proceedings Supplementary and to Implead Third Parties (DE 205). That same day, the Court permitted the Judgment Creditor to take discovery with respect to any asset transfers the Judgment Debtor may have made. Id. at numbered ¶ 5. The Judgment Creditor subsequently filed a status report indicating that a 90-day discovery period was appropriate and that it would be prepared for an evidentiary hearing after October 5, 2012. See Status Report (DE 208-1). Accordingly, on August 14, 2012, the Court ordered that all discovery be completed on or before October 8, 2012, and it set an evidentiary hearing for October 22, 2012, to determine whether Lakewood and/or SCHI hold any assets that may be used to satisfy the judgment against the Judgment Debtor.

On September 20, 2012 – 18 days before the discovery deadline – the Judgment Creditor served a subpoena *duces tecum* directed to "Yosef Posen, Lakewood Cheder School, Inc., 1210 Clifton Ave. Lakewood, N.J. 08701." See Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" (DE 222-4) and "Affidavit of Service"[10] (DE 222-2). The subpoena required Lakewood to

---

[10] The Affidavit of Service reflects that the subpoena *duces tecum* was served on Yosen Posen at Lakewood Cheder School, Inc., 1785 Swarthmore Avenue, Lakewood, N.J.

9

produce seven categories of documents[11] at the offices of the Judgment Creditor's counsel on October 4, 2014 at 10:00 a.m.[12] It is evident that the Judgment Creditor served the subpoena *duces tecum* (which gave Impleaded Party Lakewood only 14 days to produce the requested documents) to circumvent the 30-day response time afforded a party under Rule 34 (and to obtain the documents before the October 22, 2012 evidentiary hearing.) Had the Judgment Creditor afforded Lakewood the required 30 days, the date for the document production would have been October 22, 2012,[13] well after the October 8, 2012 discovery deadline (and on the same date set for the evidentiary hearing).[14]  See Barrington v. Lockheed Martin, No. 6:05-cv-1601-Orl-KRS, 2007 WL 1303032, at *4 (M.D. Fla. May 3, 2007) ("It is improper to use a Rule 45 subpoena for the express purpose of

---

[11] Pursuant to Rule 45(c)(2), "[a] person commanded to produce documents . . . need not appear in person at the place of production or inspection unless also commanded to appear for deposition, hearing or trial."

[12] The subpoena also stated that "[t]he provisions of Fed. R. Civ. P. 45(c) relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached."  Subpoena (DE 222-4). The copy of the subpoena to Lakewood that the Judgment Creditor submitted to the Court, however, does not have such documents attached (as did the copy of the subpoena to SCHI (DE 225)). The Court, therefore, questions whether Lakewood was, in fact, advised of its duty to respond to the subpoena and the consequences of its failing to do so.  See Finley v. Count of Martin, No. C-075922 EMC, 2009 WL 3320263, at *1 (N.D. Cal. Oct. 13, 2009) (finding that subpoena that failed to set out the text of Rule 45(c) and (d), as required by Rule 45(a)(1)(A)(iv), was defective).

[13] Thirty days from the date of service of the subpoena was October 20, 2012, which was a Saturday. Pursuant to Federal Rule of Civil Procedure 6(a), therefore, Lakewood's response would have been due on the next business day – Monday, October 22, 2012.

[14] The Court subsequently canceled the October 22, 2012 evidentiary hearing to afford it sufficient time to consider SCHI's pending Motion to Dismiss for Lack of Personal Jurisdiction (DE 217) and the instant Motion. That hearing has not yet been reset.

circumventing the time provided to a party under Rule 34 and the Court's discovery deadline."); Peyton, 2008 WL 880573, at *1 (declining to issue show cause (contempt) order to a party that failed to comply with subpoena because, *inter alia*, subpoena did not provide 30-day response time required by Rule 34).

In addition, had the Judgment Creditor afforded Lakewood the obligatory 30 days to produce documents pursuant to the subpoena, it would have violated Local Rule 26.1(f). That Local Rule provides:

> Discovery must be completed in accordance with the court-ordered discovery cutoff date. Written discovery requests and subpoenas seeking the production of documents must be served in sufficient time that the response is due on or before the discovery cut-off date. Depositions, including any non-party depositions, must be scheduled to occur on or before the discovery cutoff date. Failure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery, appear at the deposition, or move for a protective order.

S.D. Fla. L. R 26(1)(f). Accordingly, had the Judgment Creditor provided Lakewood the obligatory 30-day response time, the subpoena *duces tecum* would have been untimely and, further, Lakewood would not have been under any obligation to comply therewith.

Under the circumstances here, the Court cannot find that sanctions against Lakewood are warranted, particularly not the severe sanctions sought – entering a default or default judgment, designating facts as established, and prohibiting Lakewood from opposing the Judgment Creditor's claims and introducing evidence. Accordingly, the Judgment Creditor's Motion for Default Against Interpleader Defendants and its (alternative) Motion to enter an Order requiring Lakewood to show cause why a default should not be entered (DE 222) are DENIED.

Nonetheless, as the Court has afforded Lakewood another opportunity to file a written response to the Judgment Creditor's allegations of fraudulent asset transfers, fairness dictates that the Court afford the Judgment Creditor another opportunity to take discovery. Such discovery shall be completed on or before June 2, 2014.[15] If necessary, the Court will thereafter set an evidentiary hearing to determine whether Lakewood holds assets that may be used to satisfy the judgment entered against the Judgment Debtors.

**Counsel for the Judgment Debtor shall promptly serve by certified mail, return receipt requested, a copy of this Order on Lakewood Cheder School and file in the record the receipt upon its return.**

DONE AND ORDERED in Fort Lauderdale, Florida, this 18th day of March 2014.

_____
BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[15] Should the Judgment Creditor again seek to obtain documents from Lakewood, either by a Rule 45 subpoena *duces tecum* or by a Rule 34 request for production, it shall afford Lakewood 30 days to produce the documents. And should the Judgment Creditor seek to depose a corporate representative of Lakewood, the Judgment Debtors, or any other individual or entity, it shall take the deposition(s) in the county where the individual resides or the entity's principal place of business. See Urban v Venne, 595 So.2d 1108, 1108 (Fla. 3rd DCA 1992) (*per curiam*) (holding that discovery proceeding relating to impleaded party in proceedings supplementary must be taken at the impleaded party's residence); Patterson v. Venne, 594 So. 2d 221 (Fla. 3rd DCA 1992) (same); see also Fla. Stat. § 56.29(2) (requiring that a judgment debtor be examined in the county of his residence). The Judgment Creditor is reminded that Rule 45(a)(2)(B) requires that a deposition subpoena issue from the court for the district in which the deposition is to be taken.

Copies to:

All counsel of record

Juda Levin
Hollywood Gadgets
341 11th Street
Lakewood, NJ 08701